IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY C. THORSEN,

        Plaintiff,

   v.

DR. GULICK, OREGON DEPARTMENT OF CORRECTIONS, and STATE OF OREGON,

        Defendants.

Civil No. 06-1637-ST

FINDINGS AND RECOMMENDATION

   Timothy C. Thorsen
   11719273
   Snake River Correctional Institution
   777 Stanton Blvd.
   Ontario, OR 97914

        Plaintiff, *Pro Se*

   Hardy Myers
   Attorney General
   Joseph G. Groshong
   Assistant Attorney General
   1162 Court Street, NE
   Salem, Oregon 97301

        Attorneys for defendant

 1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

On November 17, 2006, plaintiff filed his civil rights Complaint, which he amended on April 6, 2007, alleging that the medical staff at the Snake River Correctional Institution ("SRCI") refuse to treat him for Hepatitis C in violation of the Americans with Disabilities Act and the Rehabilitation Act.  Plaintiff asks the court to require defendants to provide him with the appropriate course of treatment.

On May 15, 2008, defendants filed a Motion to Dismiss (docket #16) asserting that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.  This prompted the court to issue a Rule 12 notice on May 21, 2008 (docket #20) pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), notifying plaintiff of his opportunity to expand the record with evidence pertaining to the exhaustion issue.  For the reasons which follow, defendant's Motion to Dismiss should be granted.

### **STANDARDS**

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under Section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  A prisoner does not satisfy the

2 - FINDINGS AND RECOMMENDATION

PLRA's exhaustion requirement by merely demonstrating that administrative remedies are no longer available. *Woodford v. Ngo*, 126 S.Ct. 2378, 2384 (2006). Instead, he must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* The exhaustion requirement is mandatory, even when the prisoner seeks relief not available in grievance proceedings. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

When deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the court concludes that the prisoner has not exhausted his administrative remedies, the proper remedy is dismissal without prejudice. *Id* at 1120.

### DISCUSSION

The Oregon Department of Corrections ("ODOC") provides an administrative review procedure for inmates to raise general claims regarding their conditions of confinement. OAR 291-109-0100, *et seq.* ODOC also provides a separate administrative review process for inmate claims pertaining to discrimination. OAR 291-006-0015. It is undisputed that plaintiff did not avail himself of either of these administrative tools. As a result, defendants ask the court to dismiss this case without prejudice.

3 - FINDINGS AND RECOMMENDATION

In his Response to defendants' Motion to Dismiss, plaintiff concedes that he has not exhausted his administrative remedies and asks the court to dismiss this case without prejudice. Response (docket #22), p. 2. As defendants' Motion to Dismiss is both well-taken and unopposed, it should be granted.

## RECOMMENDATION

Defendants' Motion to Dismiss (docket #16) should be GRANTED, and the Amended Complaint (docket #7) should be DISMISSED without prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due September 19, 2008. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>2nd</u> day of September, 2008.

/s/  Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION